# * * § 362 INFORMATION COVER SHEET * *

V-R Property Management  
DEBTOR  
Stan Boyett & Son, Inc.  
MOVANT

Case No: 11-51521-btb  
CHAPTER: 11  

MOTION #:

### Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 5/27/11    Signature: /s/Louis M. Bubala III  
Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: Movant's lease to D. at 2191 Pyramid, Sparks  
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ☐ ;  
DATE OF SERVICE: 5/27/11

### MOVING PARTY'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st  N/A  
2nd  _____  
3rd  _____  
4th  _____  
Other: _____  
Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

### DEBTOR'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st  _____  
2nd  _____  
3rd  _____  
4th  _____  
Other: _____  
Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

### TERMS of MOVANT'S CONTRACT with the DEBTOR(S)::

Amount of Note: N/A  
Interest Rate: N/A  
Duration: 5 yrs to 2/2014 (term'd prepetition)  
Payment per Month: 6,000.00 plus fuel purchases 4/6/11  
Date of Default: _____  
Amount in Arrears: $504,578.40  
Date of Notice of Default: 4/20/11  
SPECIAL CIRCUMSTANCES:  
  D breach lease b/c nonpayment for fuel under exclusive supplier K with movant ⊞  
SUBMITTED BY: /s/Louis M. Bubala III  
  Louis M. Bubala III

### DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:

.  
.  
.  
.  
.  
.  
.  

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____  
SIGNATURE: _____

LOUIS M. BUBALA III, ESQ.
State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty Street, Suite 950
Reno, NV 89501
Telephone: 775-322-7400
Facsimile: 775-322-9049
Email: lbubala@armstrongteasdale.com

Counsel for Stan Boyett & Son, Inc.
d/b/a Boyett Petroleum

ELECRONICALLY FILED ON
May 27, 2011

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

AMERICAN PACIFIC FINANCIAL CORPORATION,

　　　　Debtor.

Case No.: BK-N-11-51521-BTB

Chapter 11

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Hearing Date:  6/21/11
Hearing Time:  10:00 a.m.
[Self Calendaring from Court Web Site]
Est. Hearing Time:  10 minutes

Creditor Stan Boyett & Son, Inc., doing business as Boyett Petroleum ("Boyett") moves for relief from the automatic stay to conduct eviction proceedings against Debtor at the retail location previously leased to Debtor at 2191 Pyramid Way in Sparks, Nevada.  The motion is supported by the attached points, authorities and documents, and the supporting declarations filed contemporaneously with this motion.

### INTRODUCTION

Debtor owns and operates gas stations and convenience stores.  Debtor leased one location from Boyett, and Boyett has contracts as Debtor's exclusive fuel supplier at three of Debtor's locations.  Boyett brings this motion because Debtor stopped making payments on its fuel purchases in April 2011.  Debtor accrued more than $500,000 in debt to Boyett in less than one month before Debtor filed its petition.  Boyett terminated its lease with Debtor prepetition as permitted under the terms of their lease and Nevada state law.  Debtor has refused to vacate the premises and filed its petition after Boyett advised that it was initiating eviction proceedings.

1  Boyett requests the court terminate the automatic stay so that it may exercise its state law
2  rights and evict Debtor. The stay should be terminated for cause, including the lack of adequate
3  protection of Boyett's interest in the property, since Debtor stopped making fuel payments, allowed
4  the lease to terminate, and cannot resurrect the lease through the bankruptcy. 11 U.S.C. § 362(d)(1).
5  The automatic stay also should be terminated because (1) Debtor does not have an equity in its
6  former lease with Boyett, and (2) the lease is not necessary for an effective reorganization since it
7  was terminated prepetition. 11 U.S.C. § 362(d)(2).

## FACTUAL HISTORY

On or about February 20, 2009, Boyett leased to Debtor the certain real property at 2191 Pyramid Way in Sparks, Nevada. **Ex. 1**, Commercial Sub-Lease. Debtor operated a Qwik Serv gas station and convenience store at the location (Ct. Dkt. #1, SOFA ¶18(a)). Debtor had a five-year lease. Ex. 1 at ¶3. Debtor was obligated to pay $4,500 per month for the first six months; $5,000 per month for the next six months; and $6,000 per month for the remaining term exclusive of any extensions. *Id.* at ¶4.

The lease also states that Debtor, as the tenant, defaults if it fails to make any payment owed under "any agreement between the Parties … whether pertaining to any part of the Property [at 2191 Pyramid Way] or other real or personal property, including, Landlord [Boyett]'s supply of petroleum products to Tenant at any of its other locations, the Kwik Serv Branded Sales Agreement entered into between the Parties." *Id.* at ¶14(a)(vi). Debtor also defaulted under the lease if it breached any of the same agreements. *Id.* at ¶14(a)(vii). If Debtor defaulted under the lease, then Boyett is entitled to terminate the lease pursuant to the lease terms. *Id.* at ¶14(b)(i).

Debtor entered into a Kwik Serv Brand Sales Agreement with Boyett to supply fuel for the lease location on Pyramid Way. **Ex. 2**. Debtor also entered an agreement to buy fuel from Boyett for its gas station on Prater Way in Sparks, **Ex. 3**, and a credit application for its location on South Carson Street in Carson City, **Ex. 4**.

On April 6, 2011, Debtor failed to pay $152,979.43 for fuel at its gas station on Pyramid Way leased from Boyett. **Ex. 5**, A/R Transaction Report. To date, Debtor has not paid for $389,860.15 owed for fuel for that property and associated fees. *Id.* Debtor missed the payment of

$15,686.19 due for fuel at the Prater Way on April 12, 2011, and currently owes $84,163.97 for fuel and costs at that location. **Ex. 6**, A/R Transaction Report. At the Carson City location, Debtor owes $34,196.92 for fuel delivered there. **Ex. 7**, A/R Transaction Report.

On April 20, 2011, Boyett issued a "Notice of Termination for Violation of Lease or Rental Agreement, NRS 40.2516." **Ex. 8**. Boyett used the official form from the Nevada Supreme Court. *Id.*, available at http://lawlibrary.nevadajudiciary.us/forms/standardizedLandlordTenantforms.php. The notice declared Debtor in default of Sections 14(a)(vi) and 14(a)(vii) of its lease with Boyett for failure to pay $504,574.08 for fuel purchased from Boyett under Debtor's fuel-supply agreement with Boyett. *Id.*

Due to the breach, Boyett demanded that Debtor "vacate and leave the rental unit no later than five (5) judicial days after [it] receive[s] service of this Notice, or in the alternative, you must correct all the above listed violations within: Five (5) judicial days from the date of service of this Notice." *Id.* (footnote omitted). The notice was served on Debtor on April 20, 2011. **Ex. 9**, Proof of Service. Therefore, Debtor had until April 27, 2011, to cure the lease default by paying $504,574.80 to Boyett for the unpaid fuel. Debtor did not receive any payment from Debtor within the authorized time (or any subsequent time, for that matter). Decl. of Kathleen Hollowell, filed contemporaneously. Therefore, the lease terminated on the following day, April 28, 2011, since there was no cure. *See Davidsohn v. Doyle*, 108 Nev. 145, 825 P.2d 1227 (1992) (per curiam).

When Debtor did not surrender the property, Boyett advised that it would proceed to evict Debtor. Decl. of Kathleen Hollowell. Debtor responded by filing its bankruptcy petition on May 5, 2011 (Ct. Dkt. #1). As a point of disclosure, Boyett issued a five-day notice of unlawful detainer the following day. However, Boyett was not aware of the bankruptcy filing by Debtor. Decl. of Kathleen Hollowell; *see also* Ct. Dkt. #8, Certificate of Notice of Bankruptcy, mailed to Boyett on May 8, 2011. Boyett has not taken any additional steps towards eviction since learning of the bankruptcy filing. Decl. of Kathleen Hollowell.

Debtor's petition reflects assets of $2 million in real property and no personal property (Ct. Dkt. #1, Summary of Schedules, Sch. A. & Sch. B). Debtor also scheduled $2.5 million in debt. *Id.* at Sch. D & Sch. F. Debtor amended its statement of financial affairs such that it does not show any

profit or loss over the last two years (Ct. Dkt. #13, SOFA ¶ 1); it originally stated it had $30,000 in gross receipts without any detail about the allocation over the prior two years (Ct. Dkt. #1, SOFA ¶ 1).

**LEGAL AUTHORITY**

A party may obtain relief from the automatic stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

A lease that is terminated under state law may not be assumed. *Robinson v. Chicago Housing Auth.*, 54 F.3d 316, 320 (7th Cir. 1995); *In re West Pine Constr. Co.*, 80 B.R. 315 (Bankr. E.D. Pa. 1987). "Leases completely terminated prepetition should not be considered property of the estate because the debtor retains no legal or equitable interest after termination." 3 *Collier on Bankruptcy* ¶ 362.05[10] at 362-76 & n.150 (16th ed. 2011), *citing In re Salzer*, 52 F.3d 708 (7th Cir. 1995).

"When the property in question is no longer property of the estate on the petition date, the automatic stay of action against property of the estate no longer applies." 3 *Collier on Bankruptcy* ¶ 362.03[5][a] at 362-31 & n.57 (16th ed. 2011), *citing in part Moody v. Amoco Oil Co.*, 734 F.2d 1200 (7th Cir. 1984); *see In re Jim Palmer Equipment, Inc.*, Case No. 08-60892-11, 2008 WL 5869690, *5 (Bankr. D. Mont. Nov 25, 2008). "Thus, for example, if a contract or lease terminated prior to the commencement of a case, it will not become property of the estate, and the other party may treat the agreement as terminated." 3 *Collier on Bankruptcy* ¶ 362.03[5][a] at 362-31 & n.58, *citing Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056 (6th Cir. 1986).

The automatic stay of Section 362(a) does not apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property." 11 U.S.C. § 362(b)(10).

## ARGUMENT

Debtor signed a lease with Boyett for property to operate a gas station and convenience store on Pyramid Way in Sparks. As part of that lease, Debtor agreed to remain current and not breach its fuel purchase agreements with Boyett, both at that location and other locations. Debtor started missing payments in early April 2011. Due to the nonpayment, Boyett sent a notice of termination of the lease for Pyramid Way, as authorized under the lease, unless Debtor cured the debt owed to Boyett. Debtor did not cure the payment, and the lease terminated prepetition.

By the time Debtor filed its petition on May 5, 2011, it already owed more than $500,000 to Boyett. It no longer has a lease that it can cure or reinstate; Debtor does not even have assets to do so based on its own schedules and statements. The bankruptcy merely stopped eviction proceedings. Boyett asks the court to terminate the automatic stay to allow it to evict Debtor from the Pyramid Way location for cause, since the lease is terminated and Debtor does not have resources even if could cure the default. Section 362(d)(1). Boyett alternatively asks for the same relief because Debtor does not have equity in the terminated lease and the property cannot be necessary for reorganization since the lease is terminated. Section 362(d)(2).

Dated this 27th day of May, 2011

ARMSTRONG TEASDALE LLP

By: /s/Louis M. Bubala III
Louis M. Bubala III, Esq.

Counsel to Stan Boyett & Son, Inc.,
dba Boyett Petroleum