1 MICHAEL LEHNERS, ESQ.                *eg 6/20/11*
2 429 Marsh Ave.
  Reno, Nevada 89509
3 Nevada Bar Number 003331
  (775) 786-1695
4 email michaellehners@yahoo.com
  Attorney for Creditor
5 McGinley & Associates
6
7              UNITED STATES BANKRUPTCY COURT
8                   DISTRICT OF NEVADA
9                          oOo
10
                                    BK-N- 11-51521
11                                  CHAPTER 11
                                    Hearing Date: OST Pending
12                                  and Time:_____
   IN RE                            Mtn No. _____
13                                  Est Time:
14 V-R PROPERTY MANAGEMENT,   MOTION TO APPOINT TRUSTEE OR IN
15          Debtor(s).        THE ALTERNATIVE TO CONVERT TO
                                    CHAPTER SEVEN
16 _____/
17       COMES NOW McGinley & Associates (herein "McGinley") by and
18 through undersigned counsel and files the following Motion to Appoint a
19 Trustee or in the Alternative to Convert to Chapter Seven. This motion is
20 made and based upon the Debtor's refusal to comply with NDEP
21 directives to clean contaminated property, and his declaration at the
22 §341 meeting of creditors hearing that he had no plans to comply in the
23 future.
24         MEMORANDUM OF POINTS AND AUTHORITIES
25       The Debtor operates four gas stations. Two of them are in Carson
26 City. One is on North Carson Street. The other is on South Carson Street.
27 Both are contaminated properties. NAC 445A.22695 imposes a duty
28 upon landowners to take any action necessary to immediately abate and

                              1

mitigate hazards caused by a release of contaminants. This fund is administered by the Nevada Department of Environmental Protection (NDEP).

Fortunately, there is a petroleum fund which can, under some circumstances, pay for remediation. The petroleum fund provides one million dollar coverage, per underground storage tank system, minus a 10% co-pay by the landowner[1]. This coverage applies to each leaking underground storage system. Therefore, a site is eligible for more than one million dollars of coverage if more there is more than one leaking UST system.

## 1.    The 2152 N. North Carson Property.

On February 26, 2009 NDEP issued findings and an order directing the Debtor to commence cleanup and monitoring operations. A copy of this Order has been attached to the Affidavit of Joseph McGinley as Exhibit "1". The findings specify in detail the efforts of NDEP to compel the Debtor to commence clean up activities.

The Debtor applied for petroleum fund coverage. On December 1, 2008 NDEP sent the Debtor a letter denying coverage. A copy of this letter has been attached to the Affidavit of Joseph McGinley as Exhibit "2". The letter confirmed the property had contaminants which are above state action levels.

The Debtor ignored the order. On March 3, 2009 NDEP sent out its notice of noncompliance. A copy of this letter has been attached to the Affidavit of Joseph McGinley as Exhibit "3".

A copy of the notice of non-compliance was sent to McGinley who had filed the application for petroleum fund coverage on behalf of the

---

[1] The Debtor has three underground storage tank systems so he is entitled to coverage for up to three million dollars.

2

Debtor. On April 7, 2009 McGinley sent the Debtor a letter requesting the Debtor contact him so he could proceed with obtaining compliance with the NDEP order. A copy of that letter has been attached to the Affidavit of Joseph McGinley as Exhibit "4". On May 14, 2009 NDEP sent the Debtor another notice of non-compliance. Please see Exhibit "5" to the Affidavit of Joseph McGinley.

At the June 13, 2011 §341 hearing the Debtor acknowledged the North Carson Property was contaminated. He said he had taken no actions to clean the property since December of 2008 which is when he was denied for petroleum fund coverage. He also stated he had no specific plan to clean up the site.

The estimated costs to clean up this facility are approximately $686,000.00. NDEP obtained a default judgment against the Debtor in State Court. A copy of that judgment and NDEP's application for default judgment are attached to this Motion as Exhibit "1".

The application for default sets forth the factual details regarding the contaminated property and how the Debtor has refused to honor his statutory duties to clean it up. Of the 1.6 million, $28,547.14 will reimburse NDEP for paying a contractor to work on the property. The sum of $686,296.01 will go toward the estimated costs of cleaning up the property. The balance will be used as NDEP sees fit.

## 2.    The 1360 S. Carson Property.

This site is also contaminated. However, McGinley was able to get the Debtor petroleum fund coverage in the amount of three million dollars. In 2005 a remediation system was installed on the property to clean up the site. The system ran until December of 2008 at which point the electricity to remediation system was turned off by the utility

company due to Debtor's failure to pay the electricity bill for the remediation system.

At the time the electricity was turned off the chemical concentrations in the on site monitoring wells were below the regulatory clean up levels; therefore, the NDEP allowed the system to remain off pending verification groundwater monitoring.

NDEP regulations require groundwater to be monitored for a minimum of one year following cessation of active remediation. Although chemical concentrations in the on site wells had declined to below the regulatory action levels, concentrations in some of the off site monitoring wells exceeded the regulatory action level. As a result, NDEP required additional assessment activities to be conducted off site.

Monitoring revealed chemical concentrations in one of the on site monitoring wells had increased above actionable levels. Therefore the NDEP required continuation of verification of groundwater monitoring and potential reactivation of the remediation system. This was set forth in a June 12, 2009 letter by NDEP. A copy has been attached to the Affidavit of Joseph McGinley as Exhibit "6".

While McGinley was willing to do what was required by the NDEP on this site, the Debtor failed to sign the required documentation to continue verification groundwater monitoring.

McGinley made several attempts to contact the Debtor to obtain the required signatures and the authorization to proceed with the activities requested by the NDEP. On August 24, 2009 NDEP sent the Debtor a letter which referenced this fact. A copy has been attached to the Affidavit of Joseph McGinley as Exhibit "7".

4

As a result of the Debtor's refusal to communicate or sign the required NDEP documentation, all work on the South Carson property was terminated in mid-2009.

The remediation equipment us still present on the property and all of the on site and off site monitoring wells are in place. The cost to complete assessment, remediation and site closure activities is estimated to be $100,000.00 to $200,000.00.

## Argument

28 U.S.C. §959(b) provides as follows:

"Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

Emphasis supplied

In Nevada a landowner has an affirmative duty to clean up contaminated property. NAC 445A.22695. Moreover, the automatic stay does not apply to NDEP enforcement actions with the exception of enforcing monetary judgments. 11 U.S.C. §362(b)(4).

A Debtor's failure to comply with state laws concerning environmental contamination is grounds for dismissal. In re Commercial Oil Service, Inc. 58 B.R. 311 (Bkrtcy N.D. Ohio 1986); In re Charles George Land Reclamation Trust, 30 B.R. 918, (Bkrtcy. D. Mass. 1983).

At the §341 hearing, the Debtor indicated not only that he has not done anything to clean up the properties since December of 2008, but that he has no plans to do so in the future. The testimony concerning the

5

Debtor's operations and expenses revealed it cannot afford to pay for the remediation costs, and that reorganization will be based upon a sale of the Carson properties.

The problem with this plan is the properties cannot be sold in their contaminated condition. Therefore, there is simply no way in which the Debtor can reorganize. The only sensible solution is to have a trustee appointed who will work with the NDEP. This way petroleum fund coverage can be reapplied for, and the Trustee can prepare the necessary forms. Once the property has been cleaned, it can be sold.

11 U.S.C. §1104 provides in relevant part as follows:

At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee--

(1)    for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;   or

(2)    if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

In the case at bar there is cause. The Debtor will not comply with his duties under 28 U.S.C. §959. This directly affects the creditors since the only way in which they will be paid is to have the property first cleaned and then sold.

11 U.S.C. §1112(b) authorizes this court to dismiss or convert for cause. The same reasons as set forth above are applicable to §1112(b). At the §341 hearing, the State Attorney General's office made an

6

appearance and questioned the Debtor. The Deputy Attorney General asked if the Debtor was aware of the fact that there were 275 drinking wells within a mile of the underground contamination plume. He replied that he was not. Some of these wells are in the path of the spreading plume.

Most motions to convert on shortened time are filed due to a risk of non payment or destruction of collateral. The stakes are much more here. If this Debtor is allowed to remain in operation, there will be a possibility of the plume migrating and injuring landowners. For that reason, a Trustee must be appointed at the soonest opportunity.

Dated: This ___20___ day of ___June___, 2011

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

7

# Exhibit  1

# Exhibit  1



1  CATHERINE CORTEZ MASTO
   Nevada Attorney General
2  Nhu Q. Nguyen
   Sr. Deputy Attorney General
3  Nevada Bar No. 7844
   100 North Carson Street
4  Carson City, Nevada 89701-4717
   Tele: (775) 684-1232
5  FAX: (775) 684-1103
   *Attorneys for Plaintiff, State of Nevada,*
6  *Division of Environmental Protection*

7

RECD & FILED
2010 JUN -8 PM 4 08
ALAN GLOVER
C. COOPER
DEPUTY CLERK

8          IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

9                         IN AND FOR CARSON CITY

10

11  STATE OF NEVADA, DEPARTMENT OF
    CONSERVATION AND NATURAL              Case No.    09-OC-00336 1B
12  RESOURCES, DIVISION OF
    ENVIRONMENTAL PROTECTION,             Dept. No.    I
13
                  Plaintiff,
14
15        v.

16  MOHAMMAD AHMAD, aka MOHAMMED
    AHMED, aka MOHAMMED AHMAD, aka
17  MOHAMMAD AHMAN, individually, V-R
    PROPERTY MANAGEMENT, INC., A
18  NEVADA CORPORATION dba EAGLE
    GAS OF CARSON CITY, DOES 1 – 10,
19  ABC COMPANIES 11 – 15, and XYZ
    CORPORATIONS 16 – 20,
20
                  Defendants.
21

22              **APPLICATION FOR DEFAULT JUDGMENT**

23        Plaintiff State of Nevada, Department of Conservation and Natural Resources, Division

24  of Environmental Protection (NDEP), by and through its counsel, Catherine Cortez Masto,

25  Attorney General, and Nhu Q. Nguyen, Senior Deputy Attorney General, hereby requests this

26  honorable Court for an order granting judgment by default. This Application for Default

27  Judgment is made and based upon NRCP 55 and F.J.D.C.R. 20, all pleadings on file and the

28  attached Affidavit of Arthur Gravenstein.

*Attorney General's Office*
*100 N. Carson Street*
*Carson City, Nevada 89701-4717*

-1-

1    On August 17, 2009, NDEP filed the Complaint for Injunctive and Other Relief.  On

2  September 8, 2009, Defendant was served with the Summons and Complaint.  On

3  September 30, 2009, the default of Defendant was entered by the Clerk.  Defendant has

4  failed to answer or otherwise respond to this lawsuit.  Defendant also has not taken any

5  corrective actions or any steps toward remediation of the site. Accordingly, NDEP respectfully

6  requests this Court grant it judgment by default so that corrective action and remediation may

7  commence on the site.

8        DATED this 8th day of June, 2010.

9                                          CATHERINE CORTEZ MASTO
10                                         Attorney General

11                                         By:

12                                         NHU Q. NGUYEN
                                           Senior Deputy Attorney General
13                                         Nevada State Bar No. 7844
                                           100 North Carson Street
14                                         Carson City, Nevada 89701-4717
                                           Tele: (775) 684-1232
15                                         *Attorneys for Plaintiff, State of Nevada,
                                           Conservation & Natural Resources,
16                                         Division of Environmental Protection*

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1

## CERTIFICATE OF MAILING

2      I, Rosiland M. Hooper, certify that I am an employee of the Office of the Attorney

3   General, State of Nevada, and that on this 8th day of June, 2010, I deposited for mailing at

4   Carson City, Nevada, in a postage-prepaid envelope, a true and correct copy of the foregoing

5   **APPLICATION FOR DEFAULT JUDGMENT**, addressed as follows:

6   Mohammad Ahmad,
    aka Mohammed Ahmed,
7   aka Mohammed Ahmad,
    aka Mohammad Ahman, Registered Agent
8   1173 Monte Rosa
    Carson City, Nevada  89701
9
    V-R Property Management
10  c/o Mohammad Ahmad, Registered Agent
    2152 North Carson Street
11  Carson City, Nevada  89706

12

13                                        Rosiland M. Hooper, an employee of the
                                          Office of the Nevada Attorney General
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

## AFFIDAVIT OF ARTHUR GRAVENSTEIN IN SUPPORT OF
## EX PARTE APPLICATION FOR ORDER SHORTENING TIME

STATE OF NEVADA )
                  ) ss.
CARSON CITY )

I, ARTHUR GRAVENSTEIN, do hereby swear under penalty of perjury that the assertions of this affidavit are true.

1.     I am employed by the Nevada Division of Environmental Protection ("NDEP"). I was the supervisor of the Underground Storage Tank Branch in the Bureau of Corrective Action until May 20, 2010. Currently I am the supervisor of the Solid Waste Branch, Bureau of Waste Management.

2.     I am assigned as the Project Manager overseeing the enforcement action against Mohammad Ahmad, aka Mohammed Ahmed, aka Mohammed Ahmad, aka Mohammad Ahman, individually, V-R Property Management, Inc., a Nevada Corporation dba Eagle Gas of Carson City ("Defendant").

3.     The Defendant began assessment activities relating to contaminated soil and groundwater on his properties in November 2007, but has failed to complete the required assessment activities.

4.     The Defendant drilled six monitoring wells in October 2008, but has failed to provide NDEP with the required reports of quarterly monitoring.

5.     The Defendant has failed to conduct any corrective action necessary to address the contamination of soil and groundwater at the site.

6.     Prior to commencing this lawsuit, NDEP attempted to communicate with Defendant the need for him to take corrective action by sending Defendant multiple certified letters. However, since November 17, 2008, Defendant has not responded to any of the letters requesting information and has not otherwise communicated with NDEP. Additionally, on November 24, 2008, Defendant failed to authorize his Certified Environmental Managers from implementing the recommendations based on the Result of Environmental Site Assessment Activities and Work Plan for Additional ESA.

-1-

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

1    7.    NDEP has not received any documentation from Defendant indicating
2 compliance with the Notice of Alleged Violation and Order issued by NDEP on February 26,
3 2009.

4    8.    The Defendant's inaction, in violation of law, resulted in NDEP's inability to
5 determine the extent of groundwater contamination at the site without a thorough inspection.

6    9.    On September 16, 2009, the Court granted NDEP access onto Defendant's
7 property to conduct all necessary assessments, monitoring, and corrective action to remediate
8 soil and groundwater contamination caused by Defendant's release and/or spill of gasoline.

9    10.    From September 10, 2009, through January 19, 2010, NDEP and/or its
10 contractor, Broadbent and Associates, Inc., ("Broadbent") entered Defendant's property and
11 conducted assessments and/or remediation work on the site. Thus far, the costs paid to
12 Broadbent for the assessments are $28,547.14.

13    11.    According to the assessments of NDEP and Broadbent, the corrective action
14 required to remediate soil and groundwater at the site will result in costs of approximately
15 $686,296.01.

16    12.    On July 11, 2007, NDEP received notice that Defendant unlawfully discharged a
17 pollutant without a permit in violation of NRS 445A.465. The violation is ongoing. Pursuant to
18 NRS 445A.700, NDEP is imposing a civil fine of up to $25,000 for each day of the violation and
19 seeks $500,000 for this ongoing violation.

20    13.    On July 11, 2007, NDEP received notice that Defendant unlawfully discharged a
21 pollutant without a permit in violation of NRS 445A.475. The violation is ongoing. Pursuant to
22 NRS 445A.700, NDEP is imposing a civil fine of up to $25,000 for each day of the violation and
23 seeks $500,000 for this ongoing violation.

24    14.    On January 7, 2009, Defendant failed to provide an additional assessment and
25 corrective action plan in violation of NRS 459.850. The violation is ongoing. Pursuant to
26 NRS 459.856, NDEP is imposing a civil fine of up to $5,000 for each day of the violation and
27 seeks $200,000 for this ongoing violation.

28    ////

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717



1    15.    On January 7, 2009, Defendant failed to install monitoring wells as approved by

2    NDEP in violation of NRS 459.850. The violation is ongoing. Pursuant to NRS 459.856, NDEP

3    is imposing a civil fine of up to $5,000 for each day of the violation and seeks $200,000 for this

4    ongoing violation.

5    16.    On January 7, 2009, Defendant failed to take corrective action to address

6    excessive dissolved product action levels in groundwater and/or surface water in violation of

7    NRS 459.852. The violation is ongoing. Pursuant to NRS 459.856, NDEP is imposing a civil

8    fine of up to $5,000 for each day of the violation and seeks $200,000 for this ongoing violation.

9    17.    In total, NDEP seeks $1.6 million dollars in civil fines and administrative penalties

10    to defray the costs to address and prevent further contamination of soil and groundwater and

11    the resulting threat to the public health.

12    18.    Because Defendant has made no appearance in this civil lawsuit and has not

13    responded to any requests for information from NDEP, NDEP needs to take immediate

14    corrective action to address and prevent further contamination of soil and groundwater and the

15    resulting threat to the public health.

16    DATED this _8_ day of June, 2010.

17

18                                                            _____
                                                                      Arthur Gravenstein

19    SIGNED AND SWORN to before
      me by Arthur Gravenstein, this
20    8th day of June, 2010.                                          ROSILAND M. HOOPER
                                                                      NOTARY PUBLIC
21    _____                                 STATE OF NEVADA
                                                             No.07-2714-3  My Appt. Exp. March 20, 2011
22    Notary Public

23                                                           (place notary stamp above)

24

25

26

27

28

                                        -3-

1   CATHERINE CORTEZ MASTO
    Nevada Attorney General
2   Nhu Q. Nguyen
    Sr. Deputy Attorney General
3   Nevada Bar No. 7844
    100 North Carson Street
4   Carson City, Nevada  89701-4717
    Tele: (775) 684-1232
5   FAX: (775) 684-1103
    *Attorneys for Plaintiff, State of Nevada,*
6   *Department of Conservation*

7

8              IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

9                          IN AND FOR CARSON CITY

10  STATE OF NEVADA, DEPARTMENT OF      )      Case No.    09-OC-00336 1B
    CONSERVATION AND NATURAL            )
11  RESOURCES, DIVISION OF              )      Dept. No.    I
    ENVIRONMENTAL PROTECTION,           )
12                                      )
                                        )
13                 Plaintiff,           )
                                        )
14          v.                          )
                                        )
15  MOHAMMAD AHMAD, aka MOHAMMED        )
    AHMED, aka MOHAMMED AHMAD, aka      )
16  MOHAMMAD AHMAN, individually, V-R   )
    PROPERTY MANAGEMENT, INC., A        )
17  NEVADA CORPORATION dba EAGLE        )
    GAS OF CARSON CITY, DOES 1 – 10,    )
18  ABC COMPANIES 11 – 15, and XYZ      )
    CORPORATIONS 16 – 20,               )
19                                      )
                   Defendants.          )
20  _____)

21               **DEFAULT JUDGMENT AND DAMAGES**

22          Upon review of the pleadings and papers on file herein and the Application for Default

23  Judgment and its accompanying Affidavit, the Court finds:

24          In this action, the Defendant, Mohammad Ahmad, aka Mohammed Ahmed, aka

25  Mohammed Ahmad, aka Mohammad Ahman, individually, V-R Property Management, Inc.,

26  a Nevada Corporation dba Eagle Gas of Carson City, Does 1–10, ABC Companies 11–15,

27  and XYZ Corporations 16–20, was regularly served with a Summons and Complaint on

28  September 8, 2009.  Defendant did not file an answer or otherwise respond to the Complaint.

                                    -1-

1   The default of Defendant was filed by the Clerk on September 30, 2009. Upon the
2   Application for Judgment by Default filed by Plaintiff, and Defendant having made no
3   opposition or otherwise responded to Plaintiff's request for a judgment by default, this Court
4   being fully apprised of the premises and good cause appearing, orders as follows:

5       IT IS HEREBY ORDERED that judgment is hereby entered against Defendant,
6   Mohammad Ahmad, aka Mohammed Ahmed, aka Mohammed Ahmad, aka Mohammad
7   Ahman, individually, V-R Property Management, Inc., a Nevada Corporation dba Eagle Gas of
8   Carson City pursuant to the prayer of Plaintiff's Complaint.

9       Wherefore, by virtue of the law and by reason of the premises aforesaid,

10      IT IS ORDERED, ADJUDGED and DECREED that Plaintiff recover of and from
11  Defendant Mohammad Ahmad, aka Mohammed Ahmed, aka Mohammed Ahmad, aka
12  Mohammad Ahman, individually, V-R Property Management, Inc., a Nevada Corporation dba
13  Eagle Gas of Carson City, Eagle Gas, as follows:

14      The total judgment of $1.6 million dollars in civil penalties and administrative fines of
15  which: (a) $28,547.14 will go to reimburse NDEP for payments for work completed by a
16  contractor on the site from September 9, 2009, through January 19, 2010; (b) $686,296.01 will
17  go toward costs for the required additional remediation work to prevent further contamination of
18  soil and groundwater; and (c) the resulting $885,156.85 shall be used by NDEP as it sees fit
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

-2-

1   and NDEP may use these funds to conduct additional work on the site, together with interest

2   accruing on said total amount at the legal rate of 7% per annum from September 8, 2009, the

3   date of service of the Summons and Complaint upon the Defendant, until paid in full.

4       JUDGMENT ENTERED this ___ day of _____, 2010.

5

6

7   Submitted by:                                    _____
    CATHERINE CORTEZ MASTO                           DISTRICT COURT JUDGE
8   Attorney General

9   By: _____

10      NHU Q. NGUYEN
        Senior Deputy Attorney General
11      Nevada State Bar No. 7844
        100 North Carson Street
12      Carson City, Nevada 89701-4717
        Tele: (775) 684-1232
13      Attorneys for Plaintiff, State of Nevada,
        Conservation and Natural Resources,
14      Division of Environmental Protection

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-