| | |
|---|---|
| LOUIS M. BUBALA III, ESQ.<br>State Bar No. 8974<br>ARMSTRONG TEASDALE LLP<br>50 W. Liberty Street, Suite 950<br>Reno, NV 89501<br>Telephone: 775-322-7400<br>Facsimile: 775-322-9049<br>Email: lbubala@armstrongteasdale.com<br><br>Counsel for Stan Boyett & Son, Inc.<br>d/b/a Boyett Petroleum | ELECRONICALLY FILED ON<br>June 21, 2011 |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>V-R PROPERTY MANAGEMENT, a Nevada Corporation<br><br>　　　　　　Debtor. | Case No.: BK-N-11-51521-BTB<br><br>Chapter 11<br><br>**MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT EXECUTORY CONTRACTS; TO CURE ARREARAGES; AND TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE, WITH CERTIFIACATE OF SERVICE**<br><br>Hearing Date:  OST Requested<br>Hearing Time:  OST Requested |

  Stan Boyett & Son, Inc. d/b/a Boyett Petroleum ("Boyett"), by and through Counsel, for its Conditional Motion, states:

  1. Boyett sold fuel and petroleum related products to Debtor for Debtor's gas stations at 2191 Pyramid Way, Sparks, Nevada 89431; 2169 Prater Way, Sparks, Nevada 89431; and 1360 South Carson Street, Carson City, Nevada 89701 pursuant to the following Sales Agreements:

    (a) Kwik Serve Brand Sales Agreement dated January 28, 2009 (the "Pyramid Sales Agreement");

    (b) Kwik Serve Brand Sales Agreement dated July 23, 2009 (the "Prater Sales Agreement");

    (c) Credit application dated March 10, 2011 (the "Carson Agreement").

  Copies of the Pyramid Sales Agreement, the Prater Sales Agreement and the Carson Agreement were filed with Boyett's motion for relief from the automatic stay to evict Debtor from

the Pyramid Way location (Ct. Dkt. #23 Ex. 2-4). Rather the unnecessarily clutter and expand the docket by filing the exact same papers again with this motion, Boyett incorporates them by reference.

2. Debtor scheduled Prater Sales Agreement and the Carson Agreement as executory contracts (Ct. Dkt. #1, Sch. G, filed May 5, 2011). Debtor did not schedule the Pyramid Way Sales Agreement in his original Schedule G and has not amended it to reflect this agreement. Such omission on Debtor's schedules constitutes an admission that the Pyramid Sales Agreement is no longer executory. *Accord In re Harmony Holdings, LLC*, 393 B.R. 409, 414 (Bankr. D.S.C. 2008).

3. Debtor defaulted prepetition under the Sales Agreements by:

    (a) failing to pay Boyett $152,979.43 under the Pyramid Sales Agreement by April 6, 2011 and is presently indebted to Boyett in the amount of $389,860.15 under the Pyramid Sales Agreement;

    (b) failing to pay Boyett $15,686.19 under the Prater Sales Agreement by April 12, 2011 and is presently indebted to Boyett in the amount of $84,163.97 under the Prater Sales Agreement;

    (c) failing to pay Boyett $34,196.92 under the Carson Agreement;

Evidence of the defaults was filed with Boyett's motion for relief from the automatic stay (Ct. Dkt. #23 & Ex. 5-7) and the supporting declarations of Kathleen Hollowell (Ct. Dkt. #24) and Megan Perry (Ct. Dkt. #25). Boyett incorporates them by reference.

4. Debtor's president, Mohammad A. Ahmad, testified under oath at the creditors meeting that Debtor was unable to make electronic funds transfers ("EFTs") to pay Boyett. Mr. Ahmad also testified that Debtor has sold the gas previously delivered by Boyett Petroleum; has not paid the debt owed to Boyett Petroleum; and has used the proceeds of the gas sales to continue to run the gas stations, including for the purchase of gas from parties other than Boyett (in violation of section 7(c) of the Sales Agreements) and additional goods and inventory for the stations.

5. The Carson Agreement terminated by its own terms prepetition. The Carson Agreement required Debtor to make EFTs for fuel purchased at that location. The Agreement specified that "Termination of this EFT authorization may cause Boyett Petroleum to cancel any and all deliveries of fuel to Applicant" (Ct. Dkt. #23 at Ex. 4 at EFT Payment Authorization). Boyett

cancelled any and all deliveries prepetition due to the termination of Debtor's EFTs, and Debtor's principal admitted the same at the creditors meeting.  Therefore, the Carson Agreement terminated prepetition.

6. As to the Prater Way Sales Agreement, Boyett terminated the agreement prepetition. On April 11, 2011, Boyett sent written notice via certified mail stating its intent to terminate for Debtor's failure to pay for fuel based on insufficient funds to cover the EFTs.  Ex. 1, Prater & Pyramid Termination Ltrs.  The letter stated that Debtor had until April 18, 2011, to cure the default, and that Sales Agreement would be terminated without a timely cure.  Id.  This notice complies with the termination requirements under the Sales Agreement (Ct. Dkt. #23 Ex. 3 at 12, ¶ f).  There was no cure (Ct. Dkt. #24, Decl. of K. Hollowell).  Thus, this Sales Agreement terminated prepetition and was not executory on the petition date.

7. To the extent that Debtor still asserts the Pyramid Way Sales Agreement is executory notwithstanding the omission from Debtor's schedule, it too was terminated.  Boyett sent the same letter on Pyramid as it sent on Prater, except with the details on the default on the Pyramid Sales Agreement.  Ex. 1, Prater & Pyramid Termination Ltrs.  Therefore, this Sales Agreement terminated prepetition and was not executory on the petition date.

8. Boyett now seeks confirmation of the termination of these Sales Agreements or court authorization to terminate them.  They are terminable without regard to the automatic stay to the extent the Agreements provide for financial accommodations to Debtor.  11 U.S.C. § 365(e)(2)(B).

9. To the extent that Debtor seeks to assume the contracts, Debtor lacks any sufficient unencumbered assets to pledge to Boyett as adequate protection of Boyett's interests, based on its schedules and statements.  Additionally, all of Debtor's tangible and intangible personal property, including accounts, inventory, gas and proceeds thereof are pledged to Boyett under Security Agreements included in the Pyramid Way and Prater Sales Agreements (Ct. Dkt. #23, Exs. 2 & 3 at 25-26).

10. The foregoing constitutes grounds to compel Debtor to assume or reject the Sales Agreements, to the extent they are not already terminated and if it is capable of satisfying all requirements to assume them.  Fed. R. Bankr. P. 6006(b).

11. In order to assume the Sale Agreements, to the extent they have not previously been terminated and are executory contracts pursuant to 11 U.S.C. § 365(b), Debtor must:

    (a) cure arrearages, including those set forth in paragraph 4, or provide adequate assurance that it will promptly cure such arrearages; and

    (b) provide adequate assurance of future performance under the Sales Agreements.

12. To the extent the Sales Agreements are found to have been previously terminated or not to be executory contracts; or Debtor is found incapable of satisfying the above-referenced requirements regarding cure and adequate assurances, then Boyett is appropriately excused from any further performance thereunder and allowed to enforce all remedies thereunder, including "de-branding" of its stations as provided in section 19 of the Sales Agreements, and the automatic stay is appropriately modified to allow all such enforcement.

WHEREFORE, Boyett prays that this Court enter an Order:

    (a) Determining that the Sales Agreements terminated prepetition;

    (b) Requiring Debtor to immediately assume or reject the Sales Agreements, provided they are found to be executory contracts not already terminated;

    (c) Prohibiting assumption of the Sales Agreements (if executory), unless Debtor promptly cures arrearages thereunder and provides adequate assurance of future performance;

    (d) In the absence of assumption of the Sales Agreements and satisfaction of prerequisites, excusing Boyett from further performance under the Sales Agreements and allowing it to enforce all remedies thereunder for default, including "de-branding" and modifying the automatic stays to allow such enforcement; and

    (e) Granting Boyett such additional relief as is just in the premises.

ARMSTRONG TEASDALE LLP                 By:   /s/Louis M. Bubala III
                                                                              Louis M. Bubala III, Esq.

Dated this 21st day of June, 2011

                                                                Counsel to Stan Boyett & Son, Inc.,

# CERTIFICATE OF SERVICE

1. On **June 21, 2011**, I served the following document(s):

**MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT EXECUTORY CONTRACTS; TO CURE ARREARAGES; AND TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE, WITH CERTIFIACATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

   ■ a.   **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

PAUL W. FREITAG on behalf of Debtor V-R PROPERTY MANAGEMENT
freitaglaw@yahoo.com, ecrealsolutions@yahoo.com

MICHAEL LEHNERS on behalf of Creditor MCGINLEY & ASSOCIATES
michaellehners@yahoo.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

STEVEN L. YARMY on behalf of Debtor V-R PROPERTY MANAGEMENT
sly@stevenyarmylaw.com, luzsly@aol.com;admin@consumers-rights.org;jay@consumers-rights.org;ecfyarmy@gmail.com

   □ b.   **United States mail, postage fully prepaid** (list persons and addresses):

   □ c.   **Personal Service** (list persons and addresses)
          I personally delivered the document(s) to the persons at these addresses:

   □ d.   **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

   □ e.   **By fax transmission** (list persons and fax numbers):

   □ f.   **By messenger**:

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of June, 2011.

    Barbara Salinas                                    /s/Barbara Salinas            .
    Name                                               Signature

# EXHIBIT 1

EXHIBIT 1



# NOTICE OF DEFAULT

April 11, 2011

Mohammad Ahmad
V-R Property Management
2169 Prater Way
Sparks, NV  89431

**VIA U.S. MAIL & CERTIFIED MAIL
RETURN RECEIPT REQUESTED**
#70101060000041839268

Dear Mr. Ahmad:

Please be advised that you are in default of our *Kwik Serv Branded Sales Agreement* ("Agreement") dated July 23, 2009 that relates to your gasoline service station site located at 2169 Prater Way, Sparks, Nevada ("Site"). Specifically, you have failed to timely pay Boyett Petroleum for petroleum products due under several invoices as your electronic funds transfer payments have been returned for insufficient funds. (See Agreement § 3(b)). As of today, the outstanding owed on account, together with late payment fees, is **$86,541.79**.

## RIGHTS & REMEDIES

As a result of your default, Boyett Petroleum may do any or all of the following:

a. Revise your credit terms, which may require advance cash payment for future deliveries;

b. Declare the entire outstanding balance owed for petroleum products immediately due and payable;

c. Demand an irrevocable letter of credit or other security in an amount and form satisfactory to Boyett Petroleum;

d. Suspend deliveries until such payment is received, posted, and cleared;

e. Apply any credit card receipts, security deposits or any other funds held by Boyett Petroleum for your benefit against any amounts due and owed;

f. Impose default interest at the rate of 18% per annum;

g. Impose a return EFT fee, currently at $150.00;

h. Re-submit EFT(s) in any denomination up to and including any amount equal to the full outstanding balance due and owing to receive payment in full;

i. Terminate the Agreement;

601 McHenry Ave. • Modesto, California 95350 • (209) 577-6000 • (209) 577-6040 FAX
1-800-545-9212 • www.boyett.net

    j.  Pursue any legal and equitable remedies, including without limitation, foreclosing on any security interest it may have in your real or personal property;

    k.  Collect liquidated damages in the amount of $0.0125 per gallon multiplied by the number of gallons required to be purchased under the remainder of the term of the Agreement;

    l.  Collect any and all amounts incurred by Boyett Petroleum for imaging, equipment, satellite, materials, inspections and labor at the Site;

    m.  Collect an administrative fee of $10,000;

    n.  Collect any and all fees, charges, or other costs incurred by Boyett Petroleum to de-brand the Site;

    o.  Recover its cost to impose any and all of these actions and remedies, including without limitation reasonable attorney fees;

    p.  Recover any and all penalty fees or fines paid by Boyett Petroleum to the Licensor; and

    q.  Declare you in default of any other agreement with Boyett Petroleum and demand immediate payment of any and all monies, allowances or other payments advanced to you that are subject to repayment to under the Agreement or any other agreement.

(See Agreement §§ 3(b), 3(e), 3(g), 18(b)(i), 18(b)(iii)(E), 18(b)(v), 19(a), 19(b), 19(c) and 20).

## DEMAND

    Demand is hereby made that you **immediately** pay Boyett Petroleum the above listed amount of **$86,541.79** via certified funds. Failure to pay the above listed amount or reach a mutually agreed upon payment plan by or before **5:00 p.m. PST on April 18, 2011** ("Deadline Date") will leave Boyett Petroleum no other option but to terminate the Agreement effective on the Deadline Date and pursue all of its legal and equitable remedies. If the Agreement is terminated, in addition to the above listed amount, you will owe Boyett Petroleum for imaging expenses, administrative fees, liquidated damages, and collection expenses.

## FUTURE DELIVERIES

**Deliveries to all sites owned, operated or affiliated with you will be suspended until further notice.**

    No further demand will be made. Your prompt attention to the foregoing is anticipated.

Regards,
BOYETT PETROLEUM

Kathleen H. Hollowell
General Counsel



# NOTICE OF DEFAULT

April 11, 2011

Mohammad Ahmad  
V-R Property Management  
2191 Pyramid Way  
Sparks, NV 89431

**VIA U.S. MAIL & CERTIFIED MAIL**  
**RETURN RECEIPT REQUESTED**  
#70101060000041839251

Dear Mr. Ahmad:

Please be advised that you are in default of our *Kwik Serv Branded Sales Agreement* ("Agreement") dated January 28, 2009 that relates to your gasoline service station site located at 2191 Pyramid Way, Sparks, Nevada ("Site"). Specifically, you have failed to timely pay Boyett Petroleum for petroleum products due under several invoices as your electronic funds transfer payments have been returned for insufficient funds. (See Agreement § 3(b)). As of today, the outstanding owed on account, together with late payment fees, is **$392,997.09**.

## RIGHTS & REMEDIES

As a result of your default, Boyett Petroleum may do any or all of the following:

a. Revise your credit terms, which may require advance cash payment for future deliveries;

b. Declare the entire outstanding balance owed for petroleum products immediately due and payable;

c. Demand an irrevocable letter of credit or other security in an amount and form satisfactory to Boyett Petroleum;

d. Suspend deliveries until such payment is received, posted, and cleared;

e. Apply any credit card receipts, security deposits or any other funds held by Boyett Petroleum for your benefit against any amounts due and owed;

f. Impose default interest at the rate of 18% per annum;

g. Impose a return EFT fee, currently at $150.00;

h. Re-submit EFT(s) in any denomination up to and including any amount equal to the full outstanding balance due and owing to receive payment in full;

i. Terminate the Agreement;

j. Pursue any legal and equitable remedies, including without limitation, foreclosing on any security interest it may have in your real or personal property;

k. Collect liquidated damages in the amount of $0.0125 per gallon multiplied by the number of gallons required to be purchased under the remainder of the term of the Agreement;

l. Collect any and all amounts incurred by Boyett Petroleum for imaging, equipment, satellite, materials, inspections and labor at the Site;

m. Collect an administrative fee of $10,000;

n. Collect any and all fees, charges, or other costs incurred by Boyett Petroleum to de-brand the Site;

o. Recover its cost to impose any and all of these actions and remedies, including without limitation reasonable attorney fees;

p. Recover any and all penalty fees or fines paid by Boyett Petroleum to the Licensor; and

q. Declare you in default of any other agreement with Boyett Petroleum and demand immediate payment of any and all monies, allowances or other payments advanced to you that are subject to repayment to under the Agreement or any other agreement.

(See Agreement §§ 3(b), 3(e), 3(g), 18(b)(i), 18(b)(iii)(E), 18(b)(v), 19(a), 19(b), 19(c) and 20).

## DEMAND

Demand is hereby made that you **immediately** pay Boyett Petroleum the above listed amount of **$392,997.09** via certified funds. Failure to pay the above listed amount or reach a mutually agreed upon payment plan by or before **5:00 p.m. PST on April 18, 2011** ("Deadline Date") will leave Boyett Petroleum no other option but to terminate the Agreement effective on the Deadline Date and pursue all of its legal and equitable remedies. If the Agreement is terminated, in addition to the above listed amount, you will owe Boyett Petroleum for imaging expenses, administrative fees, liquidated damages, and collection expenses.

## FUTURE DELIVERIES

**Deliveries to all sites owned, operated or affiliated with you will be suspended until further notice.**

No further demand will be made. Your prompt attention to the foregoing is anticipated.

Regards,
BOYETT PETROLEUM

Kathleen H. Hollowell
General Counsel